```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| ERIE INSURANCE EXCHANGE, et al. | : | |
|   | : | |
| v. | : | Civil Action No. DKC 14-0485 |
|   | : | |
| POTOMAC ELECTRIC AND POWER COMPANY | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence and breach of contract case is the motion to remand filed by Plaintiffs Erie Insurance Exchange t/i/o/u and t/u/o Gam Nguyen and Gam Nguyen. (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be granted.

**I.   Background**

Plaintiff Gam Nguyen had homeowner's insurance from Plaintiff Erie Insurance Company for his real property in Beltsville, Maryland. The policy contained a standard subrogation clause that entitled Erie to be subrogated to all rights possessed by Nguyen against third-parties who cause damage or loss. On or about February 2, 2011, a fire severely damaged Nguyen's property. Plaintiffs allege that the fire was caused by equipment or services supplied by Defendant Potomac

Electric and Power Company ("PEPCO"), including, but not limited to, a dangerous, defective, or improperly inspected or maintained service line. Pursuant to Nguyen homeowner's insurance policy, Erie has paid $271,210.93 and Nguyen has incurred a loss of $2,500 for his deductible. Plaintiffs bring claims against Defendant for negligence and breach of contract, demanding judgment against Defendants in an amount in excess of $75,000 for each count.

Plaintiffs filed their complaint in the Circuit Court for Prince George's County, Maryland on January 8, 2014. (ECF No. 2). Defendant removed to this court on February 19, 2014, citing diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1). On March 14, 2014, Plaintiffs filed a motion to remand. (ECF No. 11). Defendant opposed on April 10, 2014. (ECF No. 15).

**II. Standard of Review**

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving proper removal. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (*citing Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard

reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id.* at 701.

**III. Analysis**

28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction."  Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

It is undisputed that the amount-in-controversy requirement is satisfied in this case, but the parties disagree as to whether the diversity requirement is met.  "[T]he Supreme Court has interpreted the diversity jurisdiction statute to require complete diversity of citizenship of each plaintiff from each defendant."  *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 123 (4th Cir. 2001) (*citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  For purposes of determining a party's citizenship, a natural person is deemed a citizen of the State in which he or she is domiciled, *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998), a corporation is deemed a citizen of any state in which it is incorporated or has its principal place of business, 28 U.S.C. § 1332(c), and an unincorporated association is deemed a citizen of any state in

which its members are citizens, *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir. 1983). The parties agree that Plaintiff Nguyen is a citizen of Maryland and that Defendant PEPCO is incorporated under the laws of Virginia and maintains its principal place of business in Washington, D.C. The dispute is over the citizenship of Erie.

Erie is a reciprocal insurance exchange, formed under the laws of Pennslyvania. It is an unincorporated association and as such, is considered to have the citizenship of its members for diversity purposes in federal court. *See Clephas*, 719 F.2d at 93. Erie has provided an affidavit from one of its Record Examiners that it has subscribers in both Maryland and Virginia. (ECF No. 11-2). The question is whether Erie's subscribers are its "members."

This question has bedeviled numerous courts, including this one. A helpful starting point is to consider the nature of a reciprocal insurance exchange. As recently discussed by Judge Messitte:

> A reciprocal insurance exchange is an unincorporated association of persons or entities, referred to as "subscribers," who exchange risks among themselves. 1 Jeffrey E. Thomas, New Appleman on Insurance Law Library Edition § 1.08[4][e]. The goal of the exchange is for an individual or entity to obtain insurance by entering into a pool of subscribers who all agree to insure one another, subject to certain conditions. Thus, in a reciprocal insurance exchange,

4

> "[e]ach subscriber is *both* an insurer and an insured." Michael A. Haskel, *The Legal Relationship Among A Reciprocal Insurer's Subscribers, Advisory Committee and Attorney-in-Fact*, 6 N.Y. City L.Rev. 35 (2003) (footnotes omitted) (emphasis added). The subscribers assume liability severally, "meaning that the liability of each member is limited to the premiums paid by that member." Appleman, *supra*, § 1.08[4][e]. If a subscriber defaults on his or her premium payments, the other subscribers "cannot be charged with a portion of the liability of the defaulting subscriber." *Id.* The association is not operated for profit, but acts "through a person or corporation serving as attorney-in-fact for the organization." *Id.* Although the powers of the attorney-in-fact may vary from exchange to exchange, the role is largely administrative. Haskel, *supra*, at 48-49.

*James G. Davis Constr. Corp. v. Erie Ins. Exch.*, 953 F.Supp.2d 607, 610-11 (D.Md. 2013); *see also Salvi v. Erie Ins. Exch.*, No. 3:12-CV-150, 2012 WL 1715910 (E.D.Va. May 15, 2012) ("A reciprocal insurance exchange is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds."). In this district, Judge Messitte, Judge Quarles, and Judge Andre Davis have held that Erie's subscribers are its members. *James G. Davis*, 953 F.Supp.2d at 610-11 (Judge Messitte); *Brunson v. Erie Ins.*, No. WDQ-12-2152, 2013 WL 1316947, at *2-3 (D.Md. Mar. 27, 2013) (Judge Quarles); *Hiob v. Progressive Am. Ins. Co.*, No. AMD 08-744, 2008 WL 5076887, at *1 (D.Md. Nov. 24, 2008) (Judge Davis). Judge Benson Legg

concluded differently, however, holding that "Erie's individual policyholders are its customers, not its members." *Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F.Supp.2d 578, 580 (D.Md. 2009). The United States Court of Appeals for the Fourth Circuit has yet to weigh in on this issue. Erie relies on the *James G. Davis* decision and others from outside this district to support its argument that Erie's citizenship is determined by its policyholders and, because it has policyholders in Maryland and Virginia, complete diversity does not exist. PEPCO does not dispute that Erie has policyholders in Maryland and Virginia. Its argument relies on Judge Legg's decision in *Davenport* and the fact that Erie has not registered with the relevant agencies in the District of Columbia and Virginia, and thus is not authorized to conduct business in those jurisdictions. A search of the relevant databases lists Erie as "foreign." PEPCO argues that it is "contradictory, illogical, as well as confusing" for Erie to claim it is a citizen of Virginia under *James G. Davis*, "yet refusing to perfect or memorialize the citizenship *Davis* purports to confer upon it by registering to conduct business with the required state agencies." (ECF No. 15, at 5). According to Defendant, this refusal to register with the appropriate state agencies is "tantamount to a declaration of non-citizenship." (*Id.*). Erie's status makes it impossible for anyone to serve it with process, determine its corporate status,

or evaluate removal. (*Id.*). Furthermore, Erie is only licensed to operate as an insurance company in thirty-three states plus the District of Columbia. Because Erie surely has at least one policyholder in every state, to accept Erie's argument would make it a citizen for diversity purposes in a state in which it is not even licensed to sell insurance.

PEPCO's arguments will be rejected. *Davenport*, and the case it relied upon, *Garcia v. Farmers Ins. Exch.*, 121 F.Supp.2d 667 (N.D.Ill. 2000), do not identify who, if not its policyholders, are Erie's members. Furthermore, they appear to be the only two cases to have found that a reciprocal insurance exchange's policyholders are not its citizens for diversity purposes. *See Brunson*, 2013 WL 1316947, at *3 ("It appears that every court that has addressed the citizenship of a reciprocal exchange since *Davenport* has disagreed with that case and *Garcia*."). By contrast, Erie's position has been accepted by numerous judges across the country, including those in the same district as the judges who decided *Davenport* and *Garcia*. *See, e.g., Baer v. United Serv. Auto Ass'n*, 503 F.2d 393, 396 (2$^d$ Cir. 1974) ("United [Services Automobile Association] appears to be precisely the type of unincorporated reciprocal insurance association . . . to be, for diversity purposes, a citizen of each state in which it has members or subscribers."); *Arbuthnot v. State Auto Ins. Ass'n*, 264 F.2d 260, 261-62 (10th Cir. 1959);

*Hartfield v. Farmers Ins. Exch.*, No. 11-13719, 2013 WL 136235, at *3-4 (E.D.Mich. Jan. 10, 2013); *Salvi*, 2012 WL 1715910, at *2; *AMCO Ins. Co. v. Erie Ins. Exch.*, No. 11 C 4842, 2011 WL 5833977, at *3 (N.D.Ill. Nov. 16, 2011); *Erie Ins. Exch. v. Electrolux Home Prods., Inc.*, No. 3:10cv615, 2011 WL 2945814, at *2 (W.D.N.C. July 15, 2011) ("the court finds *Davenport* and *Garcia* to be against the greater weight of authority"); *Cady v. Am. Family Ins. Co.*, 771 F.Supp.2d 1129, 1131 (D.Ariz. 2011) ("Because USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states."); *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 WL 2817251 (N.D.Ohio. July 16, 2010) ("Courts have long recognized that reciprocal exchange insurance corporations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."). Defendant's concerns that a reciprocal insurance exchange like Erie is essentially shielded from ever being subject to diversity jurisdiction is understandable,[1] but its

---

[1] Section 4 of The Class Action Fairness Act of 2005 added new subsection 1332(d)(10) to Title 28: "For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The accompanying report by the Senate Committee on the Judiciary explained the motivations behind this new rule:

> This rule [that an unincorporated association takes the citizenship of each of

8

arguments do not change the "longstanding recognition that reciprocal insurance exchanges do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member," *Salvi*, 2012 WL 1715910, at *2, and Defendant has not made a convincing argument as to why those

---

> its members] has been frequently criticized because often an unincorporated association is, as a practical matter, indistinguishable from a corporation in the same business. Some insurance companies, for example, are "inter-insurance exchanges" or "reciprocal insurance associations." For that reason, federal courts have treated them as unincorporated associations for diversity jurisdiction purposes. Since such companies are nationwide companies, they are deemed to be citizens of any state in which they have insured customers. Consequently, these companies can never be completely or even minimally diverse in any case. It makes no sense to treat an unincorporated insurance company differently from, say, an incorporated manufacturer for purposes of diversity jurisdiction. New subsection 1332(d)(10) corrects this anomaly.

S.Rep. No. 109-14, at *46 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 43. Unfortunately for Defendant, this new rule only covers class actions. If anything, Congress's action in CAFA illustrates that when it wants to restrict diversity citizenship in this manner it knows how to do so. The fact that it has not for non-class actions suggests that the normal rule remains in place. *See United States v. Clenney*, 631 F.3d 658, 667 (4th Cir. 2011) (In the context of electronic communications, fact that Congress has provided for suppression of evidence obtained in violation of statues governing wiretaps for oral or written communications, but not in the context of electronic communications, is evidence that it did not intend to provide for suppression of evidence gathered in violation of the electronic communication statutes). Until a modification similar to Section 1332(d)(10) is made for non-class actions, no diversity exists.

9

members should not be Erie's policyholders. Consequently, Erie is a citizen of Virginia and complete diversity does not exist.[2]

## IV. Conclusion

For the foregoing reasons, the motion to remand filed by Plaintiffs will be granted and the case will be remanded. A separate order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

---

[2] The multiple citizenships possessed by Erie and its ilk have both benefits and costs. It would be precluded from removing a case solely on diversity grounds where it is a citizen of that state. 28 U.S.C. § 1441(b)(2).